THE LILY MINING COMPANY, a Corporation, Respondent, v. RALPH M. KELLOGG, Appellant.

No. 1328.    (66 Pac. 875.)

**Boundaries: Agreed Corner: Decree Disregarding Agreement: Reversible Error.**

Where, in an action to establish the boundary line between adjoining mining claims, the parties are agreed as to the location of a common corner, the only dispute being as to the direction in which the line runs from such corner, it is reversible error for the trial court to disregard such agreement and establish a line placing such corner in a different locality.

(Decided December 13, 1901.)

Appeal from the Fourth District Court, Utah County.—*Hon. W. M. McCarty,* Judge.

Action to quiet title to a portion of a mining claim of which the defendant claimed to be the owner. From a judgment establishing a boundary line, the defendant appealed.

REVERSED.

*M. M. Kellogg, Esq.,* and *Messrs. Bennett, Howat, Sutherland & Van Cott* for appellant.

Of course it is apparent that the judgment of the court can not be affirmed and must be reversed, because it is a rule of practice universally recognized, that the court can not of its own motion determine questions that are not raised by the parties in their pleadings, nor can the court give to the plaintiff in a case a portion of the real estate claimed by the defendant and which the plaintiff in his pleadings concedes belongs to the defendant and to which the plaintiff in his complaint makes no claim. It is the province of the court to determine the controversies between litigants according to their contention, but the court can not make a case not made by the parties themselves, and determine a question that is not raised or put in issue by the pleadings, or determine questions contrary to the agreement of the parties.

*D. D. Houtz, Esq.,* and *Charles De Moisy, Esq.,* for respondent.

In not one of the so-called assignments of error has appellant attempted to set out the particulars in which the evidence fails to support the finding, nor wherein it is con-

trary to the evidence. Yet such specification of particulars is required by Revised Statutes, section 3284.

The provision of section 3284, which is the same provision found in section 3296 of the Revised Statutes relating to new trial, has been frequently passed upon by this court. Bankhead v. Railroad Company, 2 Utah 507; Sterfing v. Parsons, 9 Utah 81; Canal Company v. Edwards, 9 Utah 477; Gill v. Hecht, 13 Utah 5; Mader v. Taylor et al., 15 Utah 161; Van Pelt v. Park, 18 Utah 141.

Where the testimony is conflicting, in an equitable action, if there is testimony to support the findings it must be held sufficient on appeal. McKay v. Farr, 15 Utah 261; Watson v. Mayberry, 15 Utah 265; Klopenstine v. Hays, 20 Utah 45; West Point Irr. Co. v. Ditch Co., 21 Utah 229.

MINER, C. J.—On the eighth day of May, 1899, the appellant located the Ralph lode mining claim, and on the first day of May, 1900, the respondent brought suit against the appellant, claiming that it was the owner of the Lily of the West lode mining claim, and that the Ralph lode mining claim, as staked and located, conflicted with the Lily of the West, and claimed a conflict in the area as located. The appellant filed his answer, and denied the conflict and claimed the area in conflict was a part of the Ralph lode mining claim. On the trial all the parties agreed as to the point where the northeast corner of the Lily was located, but there was a conflict between the parties as to the direction southward in which the easterly line of the Lily ran. The Ralph claim was located adjoining the Lily on the east. It was contended by the respondent that the easterly green line, as shown on the map in evidence, was the easterly side line of the Lily, while the appellant contended that the easterly black line, as shown on the map, was the easterly side line of the Lily. The Lily was located on the twelfth day of April, 1896, and the direction of the location as given is northeasterly and southwesterly

from the discovery point where the location notice was posted, so that the side line would run northeasterly and southwesterly. The east line, as claimed by the respondent, runs due north and south, running north two degrees and twenty-six minutes east, which would not be in the direction named in the location notice. Appellant's line as claimed is eight degrees and thirty-seven minutes east, and running south eight degrees and thirty-seven minutes west, and therefore more nearly agrees with the location notice. The monuments of the Lily at the southeast and southwest corners had been removed and changed several times and again set up, as appellant claims, at places other than the original corners, but upon this point there is some conflict in the testimony. The trial court in its findings and decree gave the Lily a portion of the land claimed by the Ralph, which, in the complaint was not claimed by the respondent at all, being a triangular piece of land lying south of the north line of the Ralph claim bounded on the map by the green line on the one side and the orange line on the other, thereby establishing the northeast corner of the Lily at a different location from where the testimony places it, and fixing the east boundary line thereof on a different line from that claimed by either party, the land on the east of said line being awarded to the Ralph and on the west to the Lily. It is claimed that the court erred in entering a decree for the respondent and awarding it a portion of the Ralph claim which was not claimed by the respondent and was not in dispute. In this we think the court erred. As a general rule, universally recognized, a court can not, of its own motion, determine questions that are not before it, and which are not raised by the parties in their pleadings. A court can not give to a plaintiff a portion of the real estate that is claimed by a defendant, and which the plaintiff does not claim or assert any right to, or where he concedes therein that it belongs to the defendant. The mistake made was not so much in the direction of the easterly line of the Lily, but

in taking as the initial point of the line, not the corner conceded by the parties to be the northeast corner, but another point which neither party claimed to be the corner, and which was not shown to be the northeast corner of the Lily. The mistake alluded to can easily be corrected by the trial court upon a rehearing of the case.

Notwithstanding the able arguments of counsel for the respondent to the contrary, we are of the opinion that in this case justice between the parties can be more nearly and effectually awarded by setting aside and reversing the decree of the trial court, remanding the case, and granting a new trial, with costs. It is so ordered.

BASKIN and BARTCH, JJ., concur.